**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

ERNEST CEPHAS,

          Petitioner,        :       Case No. 1:23-cv-68

  - vs -                             District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                                        :
          Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Ernest Cephas to obtain relief from his convictions for felonious assault and having weapons under disability in the Hamilton County Court of Common Pleas. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 5), and the Warden's Return of Writ (ECF No. 6). Although the Court set a deadline for Petitioner to file a reply (June 5, 2023), he has not done so and the time for doing so has expired.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the workload in this District (ECF No. 7).

1

**Litigation History**

On July 13, 2016, Timothy Reed and his two-year old grandson were shot as they emerged from a car on Whetsel Avenue in Madisonville. A Hamilton County grand jury indicted Cephas for these shootings (State Court Record, ECF No. 5, Ex. 1). A petit jury convicted him on all counts and he was sentenced to an aggregate term of imprisonment of twenty-five years. *Id.* at Ex. 9. Through new counsel, Cephas appealed to the Ohio Court of Appeals for the First District which affirmed. *State v. Cephas*, 2019-Ohio-52 (Ohio App. 1st Dist. Jan. 11, 2019). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Cephas,* 155 Ohio St.3d 1423 (2019).

On April 8, 2019, Cephas raised claims of ineffective assistance of appellate counsel by filing an Application to Reopen under Ohio R. App. P. 26(B)(State Court Record, ECF No. 5, Ex. 17). The First District denied the Application. *Id.* at Ex. 20. Although granted leave to file a delayed appeal because of COVID-19, Cephas did not meet the extended deadline and the Supreme Court dismissed his subsequent appeal to that court. *Id.* at Ex. 23.

Petitioner's efforts to have the appellate denial of his 26(B) vacated and re-entered were unavailing. On June 12, 2019, he filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 and a Petition to Vacate. *Id.* at Exs. 31 and 32. These were denied by the Common Pleas Court and their denial was affirmed on appeal. *Id.* at Ex. 39. The Ohio Supreme Court declined to exercise jurisdiction over an appeal. *Id.* at Ex. 42.

Cephas filed his Petition in this Court by depositing it in the prison mailing system on February 5, 2023 (ECF No. 1, PageID 38). He pleads the following Grounds for Relief:

> **Ground One:** Petitioner was denied his right to due process which is guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution, when the trial court erred by allowing in statements of a non-testifying victim.

Where a victim does not appear in court, the police cannot simply read and testify to what that person allegedly told them in a prior non-sworn interview or statement.

**Ground Two**: Petitioner was denied his right to due process which is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court erred by allowing unfairly prejudicial photographs to be presented at trial.

Where it is not in dispute that an infant was injured but rather how did the injuries occur, therefore, showing multiple gruesome photographs was unfairly prejudicial.

**Ground Three:** Petitioner was denied his right to effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution, when defense counsel made harmful concessions during opening statements.

When defense counsel makes harmful concessions during opening statements, and was not prepared to finish the trial, the defendant receives ineffective assistance of counsel.

**Ground Four:** Petitioner was denied his right to due process which is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court erred to the prejudice of the Petitioner because the verdict was against the manifest weight of the evidence.

Where the evidence shows that the defendant did not commit the offenses, there is insufficient evidence to convict on the charges.

**Ground Five:** Petitioner was denied his right to due process which is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution,

Where the record does not support the sentence imposed by the trial court, the trial court erred by giving petitioner such a lengthy prison sentence.

**Ground Six**: Petitioner was denied effective assistance of appellate counsel as guaranteed by the Sixth Amendment of the United States Constitution when appellate counsel failed to raise the issue of prosecutorial misconduct on direct appeal.

**Ground Seven:** Petitioner was denied effective assistance of appellate counsel as guaranteed by the Sixth Amendment of the United States Constitution where appellate counsel failed to raise the issue of ineffective assistance of trial counsel where the defense counsel opened the door to hearsay testimony at trial.

**Ground Eight:** Petitioner was denied effective assistance of appellate counsel as guaranteed by the Sixth Amendment of the United States Constitution when appellate counsel failed to raise the issue of the prosecution's failure to secure the presence of a witness at trial, who was a primary victim.

**Ground Nine:** Petitioner was denied effective assistance of appellate counsel as guaranteed by the Sixth Amendment of the United States Constitution when appellate counsel failed to perform his duties to a nominal degree of representation on appellant's direct appeal.

**Ground Ten:** Petitioner was denied the right to effective assistance of trial counsel and a fair trial in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to have the blue t-shirt tested by an independent gun-shot residue expert.

**Ground Eleven**: Petitioner was denied the right to effective assistance of trial counsel and a fair trial in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to have the victim subpoenaed and his presence secured for questioning at trial.

**Ground Twelve:** Petitioner was denied the right to effective assistance of trial counsel and a fair trial in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to have the car and its contents tested by an independent gun-shot residue expert.

**Ground Thirteen:** Petitioner was denied the right to effective assistance of trial counsel and a fair trial in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to take appropriate action for the lack of an arrest warrant or any probable cause to arrest the Petitioner.

**Ground Fourteen:** Petitioner was denied the right to effective assistance of trial counsel and a fair trial in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to inform him of the plea bargain that the prosecution was offering him.

(Petition, ECF No. 1).

# Analysis

**Ground One: Admission of Statement of a Non-Testifying Witness**

In his First Ground for Relief, Cephas complains that a police officer was allowed to testify about a statement made by a non-testifying victim witness, Timothy Reed. Cephas raised this as his First Assignment of Error on direct appeal and the First District decided it as follows:

> {¶23} In his first assignment of error, Cephas contends that the trial court erred in admitting into evidence statements by a victim who did not testify. Specifically, he argues that the trial court violated his right to confront the witnesses against him by allowing Detective Kelly to testify about statements made by Reed, who did not cooperate with police or testify at the trial. This assignment of error is not well taken.
>
> {¶24} The record shows that if any error occurred, it was invited error. Under the invited-error doctrine, a party cannot take advantage of an error that the party invited or induced the trial court to make. *State v. Bey*, 85 Ohio St.3d 487, 493, 709 N.E.2d 484 (1999); *State v. Pennington*, 1st Dist. Hamilton Nos. C-170199 and C-170200, 2018-Ohio-3640, ¶ 54. The statements were not elicited by the state in its direct examination. Instead, Cephas's counsel asked Detective Kelly about those statements during his cross-examination. Then, on redirect examination, the state questioned Kelly further about Reed's statement. Cephas objected at that time, but he had already opened the door for that testimony. Consequently, Cephas invited the error. *See In re Bailey*, 1st Dist. Hamilton No. C-990528, 2001 WL 477069 *1 (May 3, 2001) (the term "opening the door" is based on the doctrine of invited error).
>
> {¶25} Even if it was not invited error, any error was harmless because Reed told Kelly that he could not identify the shooter because he did not get a good look at him. *See State v. Bayless*, 48 Ohio St.2d 73, 357 N.E.2d 1035 (1976), paragraph seven of the syllabus; *State v. Robinson*, 1st Dist. Hamilton No. C-060434, 2007-Ohio-2388, ¶ 16. Consequently, we overrule Cephas's first assignment of error.

*State v. Cephas,* 2019-Ohio-52.

As the First District realized, Cephas's First Assignment of Error arises under the Confrontation Clause[1]. The First District decided this claim on the merits, finding there was no constitutional violation where Cephas's own lawyer elicited the complained-of statements.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Cephas has made no legal argument on Ground One because he has not filed a reply. On direct appeal, he cited several leading Supreme Court interpretations of the Confrontation Clause, including *Delaware v. VanArsdall,* 475 U.S. 673 (1986), and *Crawford v. Washington,* 541 U.S. 36 (2004). In deciding that admission of Reed's out-of-court statements did not violate the Confrontation Clause, the First District cited only Ohio precedent on invited error. Nevertheless, this Magistrate Judge is not aware of any Supreme Court precedent which would make the invited error doctrine inapplicable to what would otherwise be a Confrontation Clause violation.

Accordingly, this Court should defer to the First District's decision on Cephas's Confrontation Clause claim and dismiss Ground One with prejudice on the merits.

**Ground Two: Admission of Gruesome Photographs**

---

[1] In the First District, Cephas argued this claim under the Confrontation Clause of the Sixth Amendment, not under the Due Process Clause.

In his Second Ground for Relief, Cephas claims he was prejudiced by the admission of gruesome photographs of the infant victim in violation of his Due Process rights. He presented this claim to the First District in his second assignment of error which that court decided as follows:

> {¶26} In his second assignment of error, Cephas contends that the trial court erred in allowing unfairly prejudicial photographs into evidence. He argues that the court should not have admitted a photograph of the injured child that showed the child's full body with medical tubing, because it was cumulative to a photograph already admitted and served only to inflame the jury. This assignment of error is not well taken.
>
> {¶27} Under Evid.R. 403, the decision whether to admit photographs into evidence lies within the trial court's discretion. Gruesome photographs are admissible at trial as long as their probative value is not substantially outweighed by the danger that the accused will be unfairly prejudiced. *State v. Maurer,* 15 Ohio St.3d 239, 264-265, 15 Ohio B. 379, 473 N.E.2d 768 (1984); *State v. Miller,* 1st Dist. Hamilton No. C-010543, 2002-Ohio-3296, ¶ 13.
>
> {¶28} The trial court held a hearing on the two photographs the state presented to prove the child's injuries. The first, to which Cephas did not object, showed the child's head. Cephas did not object to its admission, stating that it "does an excellent job of covering up some of the medical instruments that are being run to help the child." But Cephas contended the second photograph was unduly prejudicial because it showed "the full body and medical tubing and all the necessary medical supplies plugged into the child."
>
> {¶29} The state indicated that it had 24 pictures of the infant, and that it had selected two as a representation of the child's injuries. Because Cephas was charged under both former R.C. 2903.11(A)(1) and (A)(2), the state had to prove both serious physical harm and physical harm by means of a deadly weapon. The state represented that the two selected photographs "support[ed] those elements."
>
> {¶30} The trial court stated that because the state had the burden to prove serious physical harm, the two photographs would be admitted. Our review of the record shows that the second photograph was not needlessly cumulative, and the probative value of the photograph was not substantially outweighed by the danger of unfair prejudice to Cephas. We cannot hold that the trial court's decision to admit the second photograph was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See *State v. Smith*, 80 Ohio St.3d 89, 108-109, 1997-

> Ohio-355, 684 N.E.2d 668 (1997); *State v. Morales*, 32 Ohio St.3d 252, 257-258, 513 N.E.2d 267 (1987); *Miller*, 1st Dist. Hamilton No. C-010543, 2002-Ohio-3296, at ¶ 13-15. Therefore, we overrule Cephas's second assignment of error.

*State v. Cephas, supra.*

Respondent asserts this claim is not cognizable in habeas corpus because it amounts only to an attempted appeal of a state court evidentiary ruling (Return, ECF No. 6, PageID 1802-03). In this Court Cephas labels the admission of the photograph as a violation of his Due Process rights. In the First District, Cephas presented this claim solely as a question of state law, making no constitutional claim whatsoever (Appellant Brief, State Court Record, ECF No. 5, PageID 93). Because Cephas did not fairly present the photograph claim as a Due Process claim to the First District, the constitutional claim is procedurally defaulted. As a matter of Ohio evidence law, Cephas presented this claim as an abuse of discretion and the First District decided it was not. This Court cannot review a claim of abuse of discretion. But abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Ground Two should therefore be dismissed with prejudice either as procedurally defaulted or as non-cognizable in habeas.

**Ground Three: Ineffective Assistance of Trial Counsel: Making Damaging Concessions and Being Unprepared to Complete the Trial.**

In his Third Ground for Relief, Cephas claims he received ineffective assistance of trial counsel when his defense attorney made damaging admissions during opening statements and when his attorney was unprepared to complete the trial. Cephas presented this claim as his Third Assignment of Error on direct appeal and the First District decided it as follows:

> {¶31} In his third assignment of error, Cephas contends that he was denied the effective assistance of counsel. He argues that his counsel

8

made harmful concessions and was not prepared to finish the trial. This assignment of error is not well taken.

{¶32} A court will presume that a properly licensed attorney is competent, and the defendant bears the burden to show ineffective assistance of counsel. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *State v. Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, ¶ 36. To sustain a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hackney* at ¶ 36.

{¶33} First, Cephas takes issue with his counsel's statements in opening arguments. Counsel stated that Cephas had "struggled throughout his entire life with substance abuse, both narcotics and alcohol" and that he had "dealt drugs in the past only to facilitate his need, his addiction and to make sure that he had a constant supply to use." Counsel also stated that Cephas had "tried to recover numerous times throughout his life." He added that the day of the offense "started off horribly for Mr. Cephas" for a number of reasons including that he had "begun using narcotics again." The record shows that counsel's admissions were tactical decisions, and Cephas has failed overcome the presumption that those admissions were sound trial strategy. *See Strickland* at 689; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 51.

{¶34} At the sentencing hearing, Cephas complained that his counsel "misrepresented" him because counsel "wasn't in his right mind because his wife had a miscarriage in the middle of trial." Cephas also complained that counsel had spoken with Cephas's family about Cephas being suicidal, that counsel had never discussed discovery with him, and that discovery was withheld from him. The record contains no support for any of these assertions. They involve matters outside the record, which we cannot consider on direct appeal. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus; *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 15; *State v. Merkle*, 1st Dist. Hamilton Nos. C-020454 and C-030557, 2004-Ohio-1913, ¶ 44-47.

{¶35} The record shows that Cephas's counsel provided him with a diligent and thorough defense. He has not demonstrated that counsel's performance fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceeding would have been otherwise. Therefore, he

9

> has failed to meet his burden to show ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Hackney* 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, at ¶ 37-38. Consequently, we overrule Cephas's third assignment of error.

*State v. Cephas, supra.*

The First District applied the governing federal constitutional standard, *Strickland v. Washington,* 466 U.S. 668 (1984), to deciding this claim and found it was without merit. Cephas's burden under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") is to show the decision was contrary to or an objectively unreasonable application of *Strickland*. Because Cephas has filed no reply, the Court has no argument from him as to how the First District's decision runs afoul of *Strickland*. The First District found the admissions in opening statement were done for tactical reasons, presumably to elicit sympathy from the jury, and this Court cannot say that was an unreasonable conclusion. In *Strickland* itself, the Supreme Court held trial counsel must be left broad discretion in making tactical decisions. *Strickland, supra*, at 689. Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F.3d 337, 359 (6th Cir. 2001), *quoting Meeks v. Bergen*, 749 F.2d 322, 328 (6th Cir. 1984).

As for counsel's being unprepared to complete the trial, the First District found there was no evidence in the appellate record to support the claim. The only record reference made in the Appellant's Brief is to statements by Cephas at sentencing, some of which he was not competent to make – e.g., that defense counsel was not in his right mind because of his wife's mid-trial miscarriage. Ohio allows constitutional claims which cannot be adjudicated on the appellate record to be brought by a petition for post-conviction relief under Ohio Revised Code § 2953.21.

10

By noting that Cephas's claim about his attorney's state of mind could not be adjudicated on the appellate record, it left the issue open for later consideration on a post-conviction petition.

The First District's decision on this ineffective assistance of trial counsel claim is neither contrary to nor an objectively unreasonable application of *Strickland*. Ground Three should be dismissed with prejudice.

**Ground Four: Conviction Against the Manifest Weight of the Evidence and Based on Insufficient Evidence**

In his Fourth Ground for Relief, Cephas claims his conviction is against the manifest weight of the evidence. A manifest weight claim is not cognizable in habeas. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Therefore the Fourth Ground for Relief should be dismissed as non-cognizable in habeas corpus.

Cephas also asserts his conviction is not supported by sufficient evidence. This assertion does state a claim under the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307 (1979). Cephas presented a manifest weight claim as his Fifth Assignment of Error on appeal and an insufficient evidence claim as his Fourth Assignment (Appellate Brief, State Court Record, ECF No. 5, PageID 102).

The First District decided the Fourth Assignment of Error as follows:

> {¶36} In his fourth assignment of error, Cephas contends that his convictions were not supported by sufficient evidence. He argues that no witness ever identified him as the shooter and that no physical evidence placed him at the scene of the shooting. He also points to various inconsistencies in the testimony of the state's witnesses, most notably that some witnesses had stated that they had seen a red car at the scene, rather than a green car. This assignment of error is not well taken.

11

> {¶37} The state's evidence was circumstantial, but circumstantial evidence and direct evidence have the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus; *State v. Durgan*, 1st Dist. Hamilton No. C-170148, 2018-Ohio-2310, ¶ 39. Further, no rule of law exists that a witness's testimony must be corroborated by physical evidence. *Durgan* at ¶ 39. Any inconsistencies in the witnesses' testimony goes to credibility, and in deciding if the evidence was sufficient we neither resolve evidentiary conflicts nor assess the credibility of witnesses. *Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, at ¶ 45.
>
> {¶38} Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found the elements of two counts of felonious assault under R.C. 2903.11(A)(2), the accompanying firearm specifications, and one count of having weapons while under disability under R.C. 2923.13(A)(3). Therefore, the evidence was sufficient to support his convictions. *See Jenks* at paragraph two of the syllabus; *Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, at ¶ 29. Consequently, we overrule Cephas's fourth assignment of error.

*State v. Cephas, supra.*

On habeas corpus review, Cephas bears the burden of showing this decision is contrary to or an objectively unreasonable application of *Jackson v. Virginia*. In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020)(quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was

12

recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the AEDPA, two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based

13

upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010). "To evaluate a sufficiency-of-the-evidence claim, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. (quoting *Jackson*, 443 U.S. at 324)."

Reviewing the circumstantial evidence cited by the First District, the Magistrate Judge concludes that Court's determination of sufficiency is entitled to deference under 28 U.S.C. § 2254(d)(2). Therefore the Fifth Ground for Relief should be dismissed with prejudice on the merits.

**Ground Six: Ineffective Assistance of Appellate Counsel: Failure to Raise Prosecutorial Misconduct**

On his first appeal of right, a criminal defendant is entitled to the effective assistance of counsel, judged under the same two-prong standard as ineffective assistance of trial counsel, *Strickland v. Washington,* 466 U.S. 668 (1984).

Cephas does not tell the Court in his Petition what claim of prosecutorial misconduct he believes should have been raised on direct appeal. In his Application for Reopening the Direct Appeal under Ohio R. App. P. 26(B), he complained of appellate counsel's failure to complain of the prosecutor's reference in closing argument to texts on Cephas's phone about drug dealing on the day of the assaults. The First District's decision of the 26(B) Application determined that excluding the complained-of remarks would have made no difference in the jury's verdict. Thus their decision turned on the second prong of *Strickland*, finding no prejudice from appellate counsel's action.

Whether or not this was a reasonable application of *Strickland*, this Court declines to reach its merits. Cephas procedurally defaulted this claim of ineffective assistance of appellate counsel by not successfully completing an appeal to the Supreme Court of Ohio. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). Petitioner's Sixth Ground for Relief should be dismissed with prejudice as procedurally defaulted.


**Ground Seven: Ineffective Assistance of Appellate Counsel: Failure to Claim ineffective assistance of trial counsel in trial attorney's "opening the door" to hearsay**

Petitioner's Seventh Ground for Relief should be dismissed on the same basis as Ground Six.

15

**Ground Eight: Ineffective Assistance of Appellate Counsel: Failure to raise prosecution's failure to secure the presence of a witness at trial, who was a primary victim.**

Petitioner's Eighth Ground for Relief should be dismissed on the same basis as Ground Six.

**Ground Nine: Ineffective Assistance of Appellate Counsel: Failure to perform duties in even a nominal manner**

Petitioner's Ninth Ground for Relief should be dismissed on the same basis as Ground Six.

**Ground Ten: Ineffective Assistance of Trial Counsel: Failure to Hire Gun-Shot Residue Expert**

In his Tenth Ground for Relief, Cephas claims he received ineffective assistance of trial counsel in violation of the Sixth Amendment when his trial attorney failed to retain a gun-shot residue expert.

Cephas first presented this claim to the Ohio courts as Claim Number One in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 5, Ex. 31, PageID 267). The Common Pleas Court dismissed the Petition summarily. *Id.* at Ex. 33. On appeal the First District summarized Cephas's assignments of error which repeated his claims in the post-conviction petition:

> In his petition, Cephas claimed that he had been denied the effective assistance of counsel at trial. Counsel, Cephas asserted, should have had his shirt and car tested for gunshot residue, should have secured testimony at trial by victim Timothy Reed, who did not identify Cephas as the shooter, should have challenged the lack of a warrant or probable cause for his arrest, and should have informed him of the state's plea offer.

*State v. Cephas* Judgment Entry, State Court Record 5, Ex. 39, PageID 343. The First District rejected Cephas's claims because he had not supported them with evidence outside the direct

16

appeal record:

> Cephas's postconviction claims depended for their resolution on evidence outside the record of the proceedings resulting in his convictions. But the only outside evidence offered in support of those challenges was Cephas's own affidavit. In his affidavit, he merely restated each postconviction claim. And in his petition, he explained with respect to each claim, that he had not attached any supporting evidence, because he needed the assistance of an attorney, an investigator, and a gunshot-residue expert.
>
> The outside evidence offered in support of a postconviction claim must "advance the* * • claim beyond mere hypothesis and a desire for further discovery." State v. Coleman, 1st Dist. Hamilton No. C-900811, 1998 WL 74756 (Mar. 17, 1993). Cephas's affidavit did not. Thus, he failed to support his postconviction claims with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.
>
> We, therefore, hold that the common pleas court did not abuse its discretion in denying Cephas's postconviction petition without an evidentiary hearing. Accordingly, we affirm the court's judgment.

*Id.*

In order to find a habeas corpus claim procedurally defaulted, the federal court must find the State has a relevant procedural rule which was enforced against the petitioner, that the rule is adequate in that enforces a valid state interest, and that rule is independent of federal law. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A petitioner can overcome a procedural default by showing he had cause for the default (i.e., something independent of himself which caused the default) and that he suffered prejudice thereby. *Maupin*.

Ohio has a relevant procedural rule – claims that a conviction is unconstitutional made in a petition for post-conviction relief must be supported by actual evidence outside the direct appeal record. In the absence of such evidence, the claim is treated as *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has repeatedly upheld this rule as adequate and

independent. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted). While "presentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*," *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995), Cephas's petition did not present evidence *dehors* the record, but a request for a chance to develop such evidence. For example, to prevail on his claim about a gun-shot residue expert, Cephas could have submitted an opinion from such an expert about why such testing could have been material in this case. He did not. Thus he procedurally defaulted his claim of ineffective assistance of trial counsel for failure to present such an expert and his Tenth Ground for Relief should be dismissed with prejudice on that basis.

**Ground Eleven: Ineffective Assistance of Trial Counsel: Failure to Subpoena the Victim**

Ground Eleven should be dismissed with prejudice on the same basis as Ground Ten.

**Ground Twelve: Ineffective Assistance of Trial Counsel: Failure to Hire Gun-Shot Residue Expert to Test Car Interior**

Ground Twelve should be dismissed with prejudice on the same basis as Ground Ten.

**Ground Thirteen: Ineffective Assistance of Trial Counsel: Failure to Challenge Lack of an Arrest Warrant or Probable Cause for Arrest**

Ground Thirteen should be dismissed with prejudice on the same basis as Ground Ten.

**Ground Fourteen: Ineffective Assistance of Trial Counsel: Failure to Convey Plea Offer**

In his Fourteenth Ground for Relief, Cephas alleges he received ineffective assistance of trial counsel when his defense attorney did not advise him of a plea offer from the State. Cephas's procedural default here is especially striking since he certainly did not need the assistance of a new attorney to include in his affidavit that he had not been advised by his attorney of an offered plea bargain. Ground Fourteen should be dismissed with prejudice on the same basis as Ground Ten.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 30, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections

in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
